UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

LETICIA COLLINS,                          )
                                          )
                         Plaintiff,       )
                                          )
v.                                        )          4:25-cv-01465-MMM
                                          )
MCLEAN COUNTY JAIL,                       )
                                          )
                         Defendants.      )

## ORDER

Plaintiff, proceeding pro se, alleges violations of her constitutional rights in McLean County, Illinois. Plaintiff is now detained in Garland County, Arkansas.

A. Merit Review Order

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's Complaint (Doc. 1) is in letter form and alludes to a variety of issues she experienced related to her prosecution and detention in McLean County. Plaintiff states she intends to proceed on claims under Amendments I, IV, V, VI, VII, VIII, IX, X, and XIV of the United States Constitution, several codes of conduct, procedures, administrative codes, and state and federal statutes.

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules ... is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, Plaintiff's allegations are too vague and devoid of context and detail to place any Defendant on notice of any specific claim against him or her related to a specific time and occurrence. Indeed, Plaintiff does not identify any individuals she

seeks to sue. Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend.

If Plaintiff elects to file an Amended Complaint, Plaintiff must clearly state what happened, when it happened, who was involved, how each Defendant was involved, and any harm Plaintiff suffered.

B. Severance of Claims

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ….'" *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Finally, even claims that are properly joined may be severed in an exercise of the Court's discretion, where doing so would be in the interests of justice and would promote the efficient and effective resolution of all claims.

The complaint is dismissed with leave to replead as stated above. Plaintiff must comply with the joinder rules. For example, claims related to the fact of her arrest and prosecution would almost certainly have to be brought in a separate lawsuit from issues related to her conditions of detention. And claims related to her detention would only be properly joined if they complied with the above rules. If Plaintiff includes unrelated claims against multiple parties, she may be required to choose if she wants the claims severed into separate lawsuits or if she no longer wants to pursue them.

C. <u>Request for Counsel</u>

Plaintiff indicates she may, in the future, ask for Court assistance finding an attorney. She must make a reasonable attempt to find a lawyer, or show that she was prevented from doing so, before seeking Court assistance. This is normally accomplished by contacting several civil rights attorneys regarding the specific allegations <u>in this specific case</u> and requesting representation <u>in this lawsuit</u> as to those specific allegations, then providing the Court with copies of such letters sent, as well as

any responses received, in support of any future request for Court assistance in finding

a volunteer lawyer.

**IT IS THEREFORE ORDERED:**

1. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Her allegations are too vague and non-specific to put any Defendant on notice of a claim. Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim.**

2. **The Court will allow Plaintiff the opportunity to file an Amended Complaint, within 21 days of this Order. Failure to file an Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

Entered this 9th day of December, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE